IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GARY R. GAJEWSKI,            )
                             )
             Plaintiff,      )
                             )
     v.                      )   No. 10 C 6167
                             )
MICHAEL J. ASTRUE,           )
Commissioner of Social Security, )
                             )
             Defendant.      )

## OPINION

Plaintiff Gary Gajewski seeks review of an administrative decision denying disability benefits under the Social Security Act (the "Act"). The decision of the Administrative Law Judge ("ALJ") became final after the Appeals Council declined to consider evidence tendered after the hearing and denied review.

The issues before the court are whether substantial evidence supports the ALJ's finding that plaintiff failed to establish disability and whether the Appeals Council erred in refusing to consider certain documentary evidence relating to plaintiff's disability which existed before the date of the administrative hearing.

The Act defines one as "disabled" who is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Act requires that impairments must be of such severity that the applicant cannot perform previous work or, considering age, education, and previous work experience, engage in any other kind of substantial gainful work that exists in the national economy in the region of the applicant's residence. 42 U.S.C. § 423(d)(2)(A).

Substantial evidence has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *McKinzey v. Astrue*, 641 F.3d 884, __ (7th Cir. 2011) (quoting *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971))). It is not the function of a court to weigh the evidence or make independent findings. *McKinzey*, 641 F.3d at __.

Plaintiff applied for benefits alleging an amended disability date beginning September 30, 2007. An administrative hearing was held on August 6,

2009. Plaintiff and his wife testified at the hearing. A medical expert called by the ALJ was also a witness. Medical reports and records were also submitted.

Plaintiff's case rests largely on reports of medical treatment and examinations arising out of a Workers' Compensation claim which plaintiff settled.

Plaintiff testified that he was 52 years of age, married and completed 13 years of education. Plaintiff weighed 230 pounds. He has a history of ankle and leg injuries, and back ailments. Plaintiff has not worked since June 15, 2002, (initially the alleged onset of disability). His four-year job (1998-1992) as an emission station technician for the State of Illinois ended because his employer wanted him to resume all aspects of his prior work. His employment had been interrupted for right ankle surgery in October 2000. He remained off work until an orthopaedic consultant found him fit for light duty in November 2001. Thereafter he was on light duty until he resigned. Because of pain, plaintiff did not look for other work after June 2002.

Plaintiff's prior work, from 1992 to 1998, for a service station, was as a tow truck driver, assistant manager, and cashier doing stocking work -- not

requiring lifting over 20 pounds. The medical assessments and the testimony of a vocational expert support that because of the amount of bending and moving plaintiff would not be able to resume work as an emission technician, but that he would be able to resume a job as a service station assistant manager or cashier doing stocking work.

Plaintiff argues that the ALJ failed to consider medical reports submitted at the hearing. This evidence relates to treatment for leg and back pain after plaintiff was found to have complex regional pain syndrome, Type I. Particular reliance is placed on a report by Dr. Robert A. Miller to Liberty Mutual Group dated October 15, 2002. This report describes ankle treatments and back pain treatments going back over a number of years. Dr. Miller's opinion supports that plaintiff could not return to the position of emission technician but does not relate to the question of whether he could return to any other occupation, which was the focus of evidence presented at the administrative hearing in medical reports. The testimony of a vocational expert expressed the opinion that plaintiff could resume work as a service station assistant manager or cashier.

The functional capacity assessment finding that plaintiff had the ability to perform light work reflects what is shown in the medical records as summarized by a medical consultant. It was noted that plaintiff had a history of right ankle injuries followed by reflex sympathetic dystrophy in the right foot and underwent successful arthroscopic surgery as a result of infection in the left knee. Hypertension and back pain problems were noted. Plaintiff received a number of injections for pain. A second medical consultant reviewed and agreed with the medical assessment. The medical assessment supports the vocational expert's opinion.

There is substantial evidence to support the findings of the ALJ.

After the ALJ's decision, plaintiff submitted additional medical reports to the Appeals Council bearing dates two years prior to the hearing held in 2009. Plaintiff contends that, if these documents had been considered, a sedentary limitation would have been found and benefits awarded. Such evidence is only considered to determine whether it establishes good cause for a remand if a remand is actually sought. *See **Eads v. Secretary**,* 983 F.2d 815, 817 (7th Cir. 1993). The evidence must be new, there must be good cause for failing to present

it earlier, and the evidence must be material, which is a reasonable probability the ALJ would have reached a different conclusion. ***Simila v. Astrue***, 573 F.3d 503, 522 (7th Cir. 2009). Here, good cause has not been shown for failure to proffer the evidence at the hearing. Plaintiff has not shown that denial of review by the Appeals Council was erroneous.

IT IS THEREFORE ORDERED that plaintiff's motion for summary judgment [9] is denied and defendant's motion for summary judgment [10] is granted. The Clerk of the Court is directed to enter final judgment in favor of defendant and against plaintiff affirming the administrative decision of defendant Michael J. Astrue, Commissioner of Social Security.

ENTER:

William T. Hart
UNITED STATES DISTRICT JUDGE

DATED: JULY 14, 2011